*Rec'd 4/2/09 @ 3:15 p.m. Jan*

Andrea E. Watters, Esq.
*WATTERS LAW OFFICE, P.C.*
2807 East Broadway Boulevard
Tucson, Arizona 85716
Telephone: (520) 323-5910
Facsimile: (520) 323-5912
State Bar Nos.: 015883
P.C.C. Nos.: 64844

Attorneys for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| MARIAH FOX,<br><br>Plaintiff,<br><br>vs.<br><br>SBBI, Inc., an Arizona Corporation doing business as SUNBUILT BUILDERS, Inc; JOSEPHINE E. WALKER and TED W. WALKER, individually and as husband and wife; SUNDT CONSTRUCTION, INC., an Arizona Corporation; SUNDT DEVELOPMENT CORPORATION, a New Mexico Corporation; JOHN DOES I-V and JANE DOES I-V, individually and as | Case No.: **C20092044**<br><br>**CIVIL SUMMONS**<br><br>Assigned to:<br><br>**PAUL E. TANG** |

THE STATE OF ARIZONA sends greetings to the above-named Defendant:

To: **SUNDT CONSTUCTION, INC.**

I. A lawsuit has been filed against you.

II. If you do not want a Judgment taken against you for the relief demanded in the accompanying Complaint, you must file a Response in writing in the Office of the Clerk of the Superior Court, 110 West Congress, Tucson, Arizona, accompanied by the necessary filing fee. A copy of the Response must also be mailed to the plaintiff/attorney whose name appears above.

1

III. The Response must be filed within TWENTY DAYS, exclusive of the date of service, if served within the State of Arizona, or within THIRTY DAYS, exclusive of the date of service, if served outside the State of Arizona.

IV. This is a legal document. If you do not understand the consequences, you should seek the advice of an attorney.

V. Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding. WITNESS My Hand and the Seal of the Superior Court.

DATED: MAR 19 2009

CLERK OF THE SUPERIOR COURT
PATRICIA A. NOLAND

By__ [SHIRLEY STELRE]
   Deputy Clerk

Andrea E. Watters, Esq.
*WATTERS LAW OFFICE, P.C.*
2807 East Broadway Boulevard
Tucson, Arizona 85716
Telephone: (520) 323-5910
Facsimile: (520) 323-5912
State Bar No.: 015583
P.C.C. No.:64844

Attorney for Plaintiff



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| MARIAH FOX<br><br>Plaintiff,<br><br>vs.<br><br>SBBI, Inc., an Arizona Corporation doing business as SUNBUILT BUILDERS, Inc; JOSEPHINE E. WALKER and TED W. WALKER, individually and as husband and wife; SUNDT CONSTRUCTION, INC., an Arizona Corporation; SUNDT DEVELOPMENT CORPORATION, a New Mexico Corporation; JOHN DOES I-V and JANE DOES I-V, individually and as husbands and wives; DOE CORPORATIONS I-V; DOE ORGANIZATIONS I-V; DOE PARTNERSHIPS I-V; DOE LEGAL ENTITITES,<br><br>Defendants. | Case No.: **C20092044**<br><br>**COMPLAINT**<br><br>(EMPLOYMENT DISCRIMINATION)<br><br>Assigned to: **PAUL E. TANG** |

COMES NOW, the Plaintiff, MARIAH FOX, by and through counsel undersigned and for her complaint against these Defendants alleges as follows:

1. The Plaintiff was a resident of Pima County, Arizona at all times relevant herein; the Corporate Defendants, SBBI, Inc., doing business as SUNBUILT BUILDERS, Inc. and SUNDT CONSTRUCTION, INC. each and all of them are Arizona corporations licensed and duly authorized to conduct business in Arizona; the Corporate Defendant SUNDT DEVELOPMENT

1  CORPORATION is a New Mexico Corporation doing business in Arizona, licensed in Arizona
2  and acting as the parent corporation for SUNDT CONSTRUCTION; these are the appropriate
3  Defendants and this Court has jurisdiction over the same. The acts complained of occurred
4  primarily in Arizona.

5  2.   At all times relevant herein, Defendants JOSEPHINE E. WALKER and TED W.
6  WALKER are and were residents of Arizona acting in their individual and marital capacities and
7  as representatives, agents and employees of the Corporate Defendants; The Defendants'
8  WALKER (collectively Josephine and Ted Walker) are the corporate officers, directors, owners
9  and agents of the Defendant SBBI. At all times relevant herein, the remaining individual
10 Defendants are and were husband and wife, acting in their individual and marital capacities; the
11 individual Defendants are and were at all times relevant herein employees of the Defendants,
12 each and all of them, and were acting in their capacities as agents, employees and representatives
13 of said corporation; the Defendants JOHN DOES I-V and JANE DOES I-V are, and at all times
14 relevant herein were, husband and wife, acting in their individual and marital capacities; the
15 Defendants JOHN DOES I-V and JANE DOES II-V are as yet undetermined, but the Plaintiff
16 will move this Court to amend the Complaint as soon as their identities are determined; the
17 Defendants DOE CORPORATIONS I-V; DOE ORGANIZATIONS I-V; DOE
18 PARTNERSHIPS I-V; and DOE LEGAL ENTITITES, are as yet undetermined, but the Plaintiff
19 will move this Court to amend the Complaint as soon as their identities are determined; the
20 Defendants, each and all of them were acting in their capacities as agents, servants and
21 employees of each and all of the other Defendants and acted for all pertinent purposes within the
22 course and scope of their employment.

23 3.   The Plaintiff timely filed a Charge of Discrimination against the Defendants with the
24 Arizona Attorney General's Office, Civil Rights Division; the Plaintiff has received a Notice of
25 Right to Sue giving this Court jurisdiction over this action. (A copy of the Notice is attached to
   this Complaint).

4. On or about January 10, 2008 Plaintiff was hired by Defendants SBBI to work as an Equipment Operator. On or about March 7, 2008 Plaintiff was promoted to Field Engineer. Plaintiff's supervisor was Steve Locke.

5. Prior to March 10, 2008, Plaintiff was assigned to work on a government contracted border fence project that was being supervised by the Defendant SUNDT who was the general contractor on the project. Employees working for the subcontractor, SBBI, including Plaintiff, were given the option of living out at the job site in make shift housing; this option was provided because of the inherent difficulties and dangers associated with traveling to and from the US-Mexico border site. Plaintiff was the only female employee to elect the housing option. On or about March 10, 2008, Plaintiff was provided on site lodging in what was commonly referred to by the general contractor employees as well as Plaintiff's co-workers as the "man camp."

6. From on or about March 10, 2008 until March 17, 2008, Plaintiff and her male co-workers resided at the "man camp" and Plaintiff was able to perform her job duties.

7. Sometime prior to March 17, 2008 the job site where Plaintiff worked and where the "man camp" was located was inspected by the Defendant SUNDT's Safety Inspector, Pat Kominski. Mr. Kominski took note of the fact that Plaintiff, a female, was residing in a male facility without any special accommodations being made for Plaintiff because she was female. Plaintiff had not objected to her living arrangements and had not been ill treated by her co-workers. Plaintiff, like her similarly situated male employees, wished to go on living at the on site location to avoid the dangerous and difficult 37 mile trip to the border to work.

8. On or about March 17, 2008 Plaintiff believes that the general contractor, the Defendant SUNDT, notified Defendants Ted and Josephine Walker and Defendant SBBI that separate facilities would be required for any female employees living at the job site. According to the Plaintiff's conversations with the Army Corp of Engineers agents working at the job site, that meant that the Defendants, either Sundt or SBBI would have to pay for a second trailer or other

facility to house Plaintiff. Apparently, the Defendant SUNDT did not want to spend the money on a separate trailer for Plaintiff and neither did the Defendant SBBI. Plaintiff learned from her male co-workers that pressure was being put on Defendant Walker by Defendant Sundt to get rid of the female employee – Plaintiff. Plaintiff heard Defendant SUNDT's Safety Inspector state to Plaintiff's supervisor: "I thought I said no women allowed here."

9. On or about March 19, 2008 Plaintiff was terminated by Defendant Ted Walker for allegedly not doing the job correctly and he allegedly eliminated Plaintiff's position. Plaintiff was then advised by federal government employees at the site to file a Charge of Discrimination with the EEOC or a like agency. The same day that Plaintiff was scheduled to give her initial interview with the Arizona Attorney General's Office, the Defendant SBBI contacted her and offered Plaintiff a job at a different location. Plaintiff agreed to take the job, went to work one day and was fired again by Defendant Walker and SBBI alleging this time that they had a layoff situation.

10. Plaintiff believes and therefore alleges that but for her gender, female, she would not have been terminated by her employer, the Defendant SBBI.

11. Because of her termination, Plaintiff has suffered, and continues to suffer, severe emotional distress, humiliation, past and future lost income, attorneys fees and costs and other incidental expenses.

12. The claims of the Plaintiff against these Defendants arise from the same series of transactions and occurrences, and involve common questions of law and fact.

13. The Plaintiff demands a jury trial of all issues triable to a jury.

14. The Plaintiff has not yet received a Right to Sue Notice from the Equal Employment Opportunity Commission, but may seek to amend his Complaint once the same is received.

## COUNT ONE

(Violation of Civil Rights under the Arizona Civil Rights Act, as amended; and Title VII, Civil Rights Act of 1964)

-4-

15. The Plaintiff realleges the preceding paragraphs and incorporates them by reference as though fully set forth herein.

16. The aforementioned acts of the Defendants amount to a violation of the Plaintiff's Civil Rights under the Arizona Civil Rights Act, as amended. The Defendant is a covered employer under these laws and the Plaintiff is a covered employee.

17. Plaintiff is a member of a protected class in that he is an African American. The actions of the Defendants in retaliating against and singling out Plaintiff because of his race amount to a violation of the Arizona state anti-discrimination laws and the federal anti-discrimination laws.

18. As a result of the Defendants actions, the Plaintiff has suffered severe harms and seeks all remedies available under the applicable civil rights laws including punitive damages where applicable.

## COUNT TWO

(Tortious Interference with a Contractual Relationship.)

19. The Plaintiff realleges the preceding paragraphs and incorporates them by reference as though fully set forth herein.

20. The Defendant SUNDT is liable for toriously interfering with Plaintiff's employment at SBBI. Under the Restatement Second of Torts, §766, an employment contract is a valid and subsisting contract even if it is deemed an at will contract and may not be improperly interfered with by a Defendant.

21. The Defendant SUNDT improperly and intentionally interfered with Plaintiff's employment causing her severe damages as set forth above.

22. Plaintiff is entitled to punitive damages against these Defendants because their actions were intentional and willful and done with a reckless disregard for her job, her future and her safety and well-being.

23. The Defendants, each and all of them, in committing the above-described acts intended to and did inflict severe emotional distress upon the Plaintiff; the Defendants acted with a reckless disregard of the probability of causing emotional distress and harm to the Plaintiff. And, the

Defendants took such action against the Plaintiff that they knew or should have known would cause the Plaintiff emotional distress, humiliation and suffering.

24. As a direct result of the outrageous acts and omissions, conduct and blatant disregard for the Defendants' obligations to the Plaintiff, the Plaintiff has suffered severe emotional distress, all resulting in permanent damage to the Plaintiff's person, reputation in the professional community, and financial health. The actions of said Defendants were done with malice, evil intent and ill-will designed to subject the Plaintiff to harm and for which the Plaintiff seeks appropriate punitive damages.

WHEREFORE, the Plaintiff requests judgment as follows:

1. That the Plaintiff be awarded all sums of money to which she would have been and would be entitled but for the Defendants' wrongful acts, including but not limited to back pay, front pay, deferred compensation, pre-judgment interest, pension and retirement benefits, and other fringe benefits;

2. That the Plaintiff be awarded compensatory damages including but not limited to emotional distress;

3. That the Plaintiff be awarded punitive damages;

4. That the Plaintiff recovers costs;

5. That the Plaintiff have such other and further relief as the Court deems proper;

6. That the Plaintiff be awarded reasonable attorneys' fees.

DATED March 19, 2009.

WATTERS LAW OFFICE, P.C.



Andrea E. Watters, Esq.



Andrea E. Watters, Esq.
WATTERS LAW OFFICE, P.C.
2807 East Broadway Boulevard
Tucson, Arizona 85716
Telephone: (520) 323-5910
Facsimile: (520) 323-5912
State Bar No.: 015583
P.C.C. No.:64844
Attorney for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| MARIAH FOX,<br><br>Plaintiff,<br><br>vs.<br><br>SBBI, Inc., an Arizona Corporation doing business as SUNBUILT BUILDERS, Inc; JOSEPHINE E. WALKER and TED W. WALKER, individually and as husband and wife; SUNDT CONSTRUCTION, INC., an Arizona Corporation; SUNDT DEVELOPMENT CORPORATION, a New Mexico Corporation; JOHN DOES I-V and JANE DOES I-V, individually and as husbands and wives; DOE CORPORATIONS I-V; DOE ORGANIZATIONS I-V; DOE PARTNERSHIPS I-V; DOE LEGAL ENTITITES,<br><br>Defendants. | Case No.:<br><br>**C20092044**<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION**<br><br>Assigned to:<br><br>**PAUL E. TANG** |

COMES NOW the Plaintiff, MARIAH FOX by and through counsel undersigned, and hereby certifies that the largest award sought, including punitive damages but excluding interest, attorney's fees and costs, exceeds the limits set by Local Rule for compulsory arbitration. This case is not subject to the Uniform Rules of Procedure for Arbitration.

DATED March 19, 2009

WATTERS LAW OFFICE, P.C.

Andrea E. Watters

Andrea E. Watters, Esq.
*WATTERS LAW OFFICE, P.C.*
2807 East Broadway Boulevard
Tucson, Arizona 85716
Telephone: (520) 323-5910
Facsimile: (520) 323-5912
State Bar No.: 015583
P.C.C. No.:64844
Attorney for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PIMA**

| | |
|---|---|
| MARIAH FOX,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SBBI, Inc., an Arizona Corporation doing business as SUNBUILT BUILDERS, Inc; JOSEPHINE E. WALKER and TED W. WALKER, individually and as husband and wife; SUNDT CONSTRUCTION, INC., an Arizona Corporation; SUNDT DEVELOPMENT CORPORATION, a New Mexico Corporation; JOHN DOES I-V and JANE DOES I-V, individually and as husbands and wives; DOE CORPORATIONS I-V; DOE ORGANIZATIONS I-V; DOE PARTNERSHIPS I-V; DOE LEGAL ENTITITES,<br><br>　　　　Defendants. | Case No.: C20092044<br><br>**OFFER OF JUDGEMENT**<br><br>Assigned to: Hon. Paul E. Tang |

Pursuant to Rule 68, Arizona Rules of Civil Procedure, Plaintiff hereby offers to accept judgment to be entered in the action against all defendants, in the sum of **TWO HUNDRED NINETY NINE THOUSAND DOLLARS ($299,000.00)** together with costs and attorneys' fees then accrued, as final judgment in the above entitled action. If this offer is not accepted in writing within thirty (30) days after service, it shall be deemed withdrawn.

DATED March 27, 2009

WATTERS LAW OFFICE, P.C.

_____
Andrea E. Watters