FENNEMORE CRAIG, P.C.
Ronald J. Stolkin (No. 002552)
Sherry Janssen Downer (No. 023188)
One South Church Avenue
Suite 1000
Tucson, AZ 85701-1627
Telephone: (520) 879-6800
Email: rstolkin@fclaw.com
Email: sdowner@fclaw.com

Attorneys for Defendants
SUNDT CONSTRUCTION, INC., and
SUNDT DEVELOPMENT CORPORATION

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA – TUCSON DIVISION

| | |
|---|---|
| MARIAH FOX,<br><br>    Plaintiff,<br><br>    v.<br><br>SBBI, Inc., an Arizona Corporation doing business as SUNBUILT BUILDERS, INC.; JOSEPHINE E. WALKER and TED W. WALKER, individually and as husband and wife; SUNDT CONSTRUCTION, INC., an Arizona Corporation; SUNDT DEVELOPMENT CORPORATION, a New Mexico Corporation; JOHN DOES 1-V and JANE DOES I-V, individually and as husbands and wives; DOE CORPORATIONS I-V; DOE ORGANIZATIONS I-V; DOES PARTNERSHIPS I-V; DOE LEGAL ENTITIES,<br><br>    Defendants. | No. 4:09-CV-00225<br><br>**SEPARATE ANSWER OF DEFENDANTS SUNDT CONSTRUCTION, INC. AND SUNDT DEVELOPMENT CORPORATION TO PLAINTIFF'S COMPLAINT** |

For their Separate Answer to Plaintiff's Complaint, Defendants Sundt Construction, Inc., an Arizona corporation, and Sundt Development Corporation, a New Mexico corporation, (jointly referred to hereinafter as "Sundt") admit, deny and allege as

follows:

1. Answering paragraph 1 of Plaintiff's Complaint, Sundt admits that Sundt Construction, Inc. is an Arizona corporation licensed and duly authorized to conduct business in Arizona and that Sundt Development Corporation is a New Mexico corporation; Sundt is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was a resident of Pima County, Arizona at all times relevant herein and that Defendant SBBI, Inc., doing business as Sunbuilt Builders, Inc., is an Arizona corporation licensed and duly authorized to conduct business in Arizona; Sundt denies all remaining allegations contained in paragraph 1 of Plaintiff's Complaint not expressly admitted.

2. Sundt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Answering paragraph 3 of Plaintiffs' Complaint, Sundt denies that Plaintiff ever filed a Charge of Discrimination against Sundt Construction, Inc. and Sundt Development, Inc., or either of them; Sundt is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained in paragraph 3 of Plaintiff's Complaint not expressly admitted.

4. The allegations in paragraphs 4 of Plaintiff's Complaint are not directed at Sundt and, therefore, Sundt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Answering paragraph 5 of Plaintiff's Complaint, Sundt admits that Sundt Construction, Inc. was the general contractor on a government contracted border fence project; Sundt denies that Sundt Development, Inc. was the general contractor on a government contracted border fence project; Sundt is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained in paragraph 5 of Plaintiff's Complaint not expressly admitted.

FENNEMORE CRAIG, P.C.
TUCSON

2185785

6. Sundt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Answering paragraph 7 of Plaintiff's Complaint, Sundt admits that Sundt's Safety Inspector (whose true name is Pat Comiskey) inspected the job site where Plaintiff worked and where the "man camp" was located; Sundt is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 that Plaintiff had not objected to her living arrangements, had not been ill treated by her co-workers and that Plaintiff, like her similarly situated male employees, wished to go on living at the on-site location to avoid the trip to the border to work. Sundt denies all remaining allegations contained in paragraph 7 of Plaintiff's Complaint not expressly admitted.

8. Answering paragraph 8 of Plaintiff's Complaint, Sundt denies that Plaintiff heard Sundt's Safety Inspector state to Plaintiff's supervisor, "I thought I said no women allowed here." Sundt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9. Sundt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 9, 10, 11 and 12 of Plaintiff's Complaint.

10. Plaintiff's request for a jury trial in paragraph 13 of Plaintiff's Complaint requires no answer and, therefore, none is given.

11. Sundt is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint.

### COUNT I

**(Alleged Violation of Civil Rights Under The Arizona Civil Rights Act, As Amended; and Title VII, Civil Rights Act Of 1964)**

12. Answering Paragraph 15 of Plaintiff's Complaint, Sundt incorporates by this

reference each admission, denial and allegation contained Paragraphs 1-11 of this Answer as though fully set forth herein.

13.   Upon information and belief, Sundt denies the allegations contained in Paragraphs 16, 17 and 18 of Plaintiff's Complaint

## COUNT TWO

### (Alleged Tortious Interference With a Contractual Relationship)

14.   Answering Paragraph 19 of Plaintiff's Complaint, Sundt incorporates by this reference each admission, denial and allegation contained Paragraphs 1-13 of this Answer as though fully set forth herein.

15.   Upon information and belief, Sundt denies each and every allegation contained in Paragraphs 20, 21, 22, 23, and 24 of Plaintiffs' Complaint.

## AS TO ALL ALLEGATIONS

16.   Sundt denies each and every allegation contained in Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

As affirmative defenses to the allegations contained in Plaintiff's Complaint and upon information and belief, Sundt states as follows:

1.   Plaintiff's Complaint or any of the claims therein against Sundt Construction, Inc. or Sundt Development, Inc. fail to state a claim against them, or either of them, upon which relief can be granted.

2.   Damages to Plaintiff, if any, were caused in whole or in part by the wrongful acts, conduct or omissions of others, including Plaintiff, co-defendants herein and/or third parties and not by any wrongdoing on the part of Sundt.

3.   Some or all of the claims contained in Plaintiff's Complaint are barred, in whole or in part, by the doctrine of estoppel.

FENNEMORE CRAIG, P.C.
TUCSON

2185785

- 4 -

1   4.   Some or all of the claims contained in Plaintiff's Complaint are barred, in
2   whole or in party, by the doctrine of unclean hands.

3   5.   Some or all of the claims contained in the Plaintiff's Complaint are barred,
4   in whole or in part, by the doctrine of waiver.

5   6.   Plaintiff has failed to mitigate or reasonably attempt to mitigate her
6   damages, if any.

7   7.   The claim or claims asserted by Plaintiff do not provide a basis for punitive
8   damages.

9   8.   Plaintiff has failed to properly exhaust her administrative remedies and/or
10  has otherwise failed to comply with all the statutory pre-requisites to suit as required by
11  the Arizona Civil Rights Act, as amended, and/or Title VII of the Civil Rights Act of
12  1964, as amended.

13  9.   Any claims by Plaintiff based, in whole or in part, upon any alleged physical
14  or emotional injuries, including but not limited to alleged emotional distress are barred,
15  and Plaintiff's sole and exclusive remedy, if any, is governed by the Arizona Worker's
16  Compensation statutes.

17  10.  Sundt is without knowledge as to which, if any, additional affirmative
18  defenses may be supported by the facts developed through discovery and, rather than
19  waive same, Sundt reserves the right to amend its Answer at a later time to assert any
20  matter constituting an avoidance or affirmative defense, including without limitation those
21  matters set forth in Rule 8(c), Federal Rules of Civil Procedure.

22  WHEREFORE, Sundt requests that judgment be entered in its favor and against
23  Plaintiff; that Plaintiff's Complaint be dismissed with prejudice; that Plaintiff take nothing
24  / / /
25  / / /
26  / / /

FENNEMORE CRAIG, P.C.
TUCSON

2185785

1 thereby; that Sundt be awarded its reasonable costs incurred herein, including reasonable
2 attorneys' fees; and that the Court order such other and further relief as it deems just and
3 proper in the premises.

4     DATED this 20th day of April, 2009.

5                                                    FENNEMORE CRAIG, P.C.

7                                                    By */s/ Ronald Stolkin*
8                                                        Ronald Stolkin
                                                       Sherry Janssen Downer
9                                                      Attorneys for Defendant
                                                     Sundt Construction, Inc.

11                               **CERTIFICATE OF SERVICE**

12     I hereby certify that on April 20, 2009, I electronically transmitted the attached
13 document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

15 Andrea E. Watters, Esq.
WATTERS LAW OFFICE, P.C.
2807 East Broadway Blvd.
16 Tucson, Arizona 85716

17 Thomas L. Fink
1220 N. Hohokam Drive, Suite 2
18 Nogales, Arizona 85621

20 */s/ Julie Calvano Tolby*
Julie Calvano Tolby

2185785